Complainant seeks a decree enforcing the right claimed by it to an easement on the property of the defendant. Defendant sets up a counter-claim asking for a decree that the easement be declared void as a cloud on defendant's title.
In 1920 defendant, then being the owner of lot 13, on the corner of Essex street and Prospect avenue, Hackensack Heights, purchased from the complainant two adjoining lots Nos. 10 and 11. There was at this time on the boundary line between lots 10 and 11, and extending over into both lots, a small building such as is frequently used by real estate developers in the sale of their property. Complainant is in the real estate business. In the deed for lots 10 and 11 given by complainant to defendant, reservation was made in the following language:
"The grantor reserves the right to maintain use and occupy the real estate building or office now located upon the above-described premises as long as the grantor, its successors or assigns desire, and in the event that said building or office should at any time be destroyed by any cause whatsoever, the grantor, its successors or assigns, shall have the right to reconstruct the same upon the above-described premises (not to exceed 10 x 20)."
On the same day a contract was entered into between the parties which provided that in the event defendants desire the said building removed from said premises that they will cause the same to be removed at their own cost and expense *Page 335 
and to locate the same for the complainant on lot 13. The agreement further provided that in case of such removal by the defendants, complainant should have the same right in the building on lot 13 as it had in the building on lot 10.
Some four years afterward defendants erected a garage on lots 10, 11 and 13. In the meantime the building on lots 10 and 11 had been removed, by whom is disputed. No new office building was erected on lot 13.
Mr. Kraft, an officer of the complainant, testified that the office building was removed by Mr. Stapfer, one of the defendants. His testimony, however, was greatly weakened and its evidential value almost completely destroyed by his further testimony on cross-examination. It developed that a Mr. Conklin, himself in the real estate business, in some way obtained possession of the building, and that it was removed to Hasbrouck Heights where Mr. Conklin used it. Mr. Conklin was a customer of the complainant. After admitting these facts, the following question was asked of Mr. Kraft:
"Q. Do you still say that Mr. Stapfer removed that office building? A. Yes, sir, he had it removed; somebody removed the building free of cost at the time."
Mr. Stapfer testified that he did not remove the building; that it was taken away by a truckman without any action on his part.
It will be noticed that the right of the complainants to a building on lot 13 is dependent upon the removal by defendants of the building on lots 10 and 11. On the testimony taken together, I am not convinced the complainant has proven that it was the defendant who removed the building, and therefore the complainant has not established the right to a substitution of an easement on lot 13.
There is another consideration which is still more strongly against the complainant. A reasonable construction of the language of the deed which created the easement seems to be that the right of the complainant to the office building was to use it so long as complainant should desire and no longer. The language of the grant is: *Page 336 
"Maintain, use and occupy the real estate building or office * * * as long as the grantor, its successors or assigns desire * * *."
This language seems to imply, not a permanent easement, but only a more or less temporary use. This is supported by the nature of the building and the nature of the business of the complainant. Actually the complainant opened an office almost across the street from the premises in question, and it seems fully established that complainant ceased to use the building on lots 10 and 11, long before the garage was erected in 1924. In my opinion, the easement ceased under its terms because of abandonment by the complainant.
A decree will be advised dismissing the bill and granting to the defendants the relief prayed for in the counter-claim, removing the cloud on title of the alleged easement. *Page 337